6   444
46  480
5   444
50  624

## JAMES BECK & Co. v. THOMAS BRADY et al.

An attachment of property does not create such a privilege as authorizes the issuance of a writ of sequestration.

In the article 724 of the Code of Practice, the expressions *provisional seizure* are erroneous; they should have been *attachments*.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Benjamin* and *Micou*, for plaintiffs. *C. Roselius*, for defendants The judgment of the court was pronounced by

PRESTON, J. The plaintiffs allege that they are creditors of *Thomas Brady* to a large amount; that he was lately in possession of an extensive and valuable stock of dry goods; that on the 31st of January last, he made a sale of his whole stock to *H. E. Brown*, for the purpose of defrauding them; and that *Brady* resides permanently out of the State. They, therefore, brought suit to revoke the sale from *Brady* to *Brown*, issued an attachment against the stock of goods, and also the notes given by *Brown* for it; and alleging further that they feared

*Brown* would dispose of the stock of goods, during the pendency of the suit, to their prejudice, they obtained, on making affidavit to the truth of their allegations and giving bond, a writ of sequestration and seized the stock of goods.

The defendant, *Brown*, moved to dissolve the sequestration for the reason, that neither the petition nor the affidavit set forth any legal ground for a sequestration. After a hearing it was dissolved, and the plaintiffs have appealed.

It has been held by our courts, that the stringent process of sequestration is a remedy *stricti juris*, and can only be resorted to in cases authorized by the very letter of our law. The only clauses of the law authorizing it, which can possibly apply to this case, are in the 275th article of the Code of Practice, and the acts of 1839, and the act of 1826 amending it.

The Code of Practice, as amended by the act of 1839, declares, "that when one sues for the possession of movable property, and fears that the party having possession of it, will conceal, part with or dispose of, or send the movable out of the jurisdiction of the court during the pendency of the suit," it may be sequestered. But in this case the plaintiff must claim the property as owner. The plaintiffs in the present case do not pretend to sue as owners of the stock of goods sequestered.

The act of 1826 authorizes a sequestration in all cases where the plaintiff has a lien or privilege upon the property. The counsel of the plaintiffs admit, that they obtained the sequestration under this clause of the law alone; and contend that they acquired a lien and privilege upon the property sequestered by the attachment, and that this lien and privilege entitles them to the writ of sequestration.

The liens and privileges referred to by the acts of 1826, as the basis of a sequestration, are those given by the code and statutes, and enumerated under the title of privileges, or specially established by the laws. An attachment enables the creditor to obtain payment out of the property attached, in preference to others, not on the ground that he has acquired a lien upon it, but because he has first used the process of the court, to seize and put it into the possession of the sheriff for the purpose of obtaining his payment. The law and the courts will not, therefore, allow other ordinary creditors or other process to interfere with him. If, however, other creditors had a lien or privilege, they would take the proceeds of the property in preference to the attaching creditor, because the latter had no lien or privilege. So in case of insolvency, the attaching creditor who has not obtained judgment, is paid concurrently with other ordinary creditors, because he has no lien or privilege. The article 724 is express to that effect; the terms *provisional seizure*, in the article, being an erroneous translation and intended for *attachment*. It was so also expressly decided in the case of *Fisher* v. *Vose*, 3 R. R. 457, although a different view was entertained in a previous case. And so payment to the prejudice of an attachment or seizure is invalid, not because the seizing creditor has a lien, but because it interferes with the process of the court, and the legal proceedings of the creditor to enforce the payment of his claim. Code, art. 2145.

The Code of Practice gives the same remedy of sequestration against real property under substantially the same circumstances which authorize the sequestration of movables. And yet the late Supreme Court held, in the case of *Talamon et al.* v. *Glasse et als*, under a state of facts similar to those in the present case, that a writ of sequestration could not issue. The plaintiffs brought a revocatory action, to subject property apparently sold by their debtor to the payment of their claims; made affidavit that they feared the defendant would, during the pendency of the suit, dispose of the property by mortgage or otherwise, and seques-

tered it. The court decided that the case did not come within any of the provisions of the Code of Practice. 4 R. R. 462. See also *Shropshire* v. *Russell,* 2d Ann. 962.

If the property was properly attached, the process is ample to secure the plaintiffs; if not, they do not pretend that the sequestration can be maintained.

The district judge observed, what is too true, that the creditor cannot prevent his debtor from squandering his property; *Brady* might squander it himself or place it in the possession of *Brown* for the same purpose, to the certain loss of the creditor who has no redress while it belongs to *Brady;* and, if sold to *Brown,* it is admitted, it can neither be attacked nor sequestered.

The judgment of the district court is therefore affirmed, with costs.